**Pietro FERRAIOLA, Plaintiff,**

**v.**

**John L. MURFF, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.
Jan. 15, 1958.

Gerard E. Molony, Brooklyn, N. Y., for plaintiff.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, for defendant.

EDELSTEIN, District Judge.

In an action under § 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, 5 U.S.C.A. § 1009, plaintiff seeks to enjoin the defendant from executing an order and warrant for his deportation, and further prays that a judgment be made declaring an outstanding order and warrant for his deportation null and void. He moved for a preliminary injunction, and the defendant cross-moved for summary judgment. To the latter motion the plaintiff also cross-moved for summary judgment.

In 1949 the plaintiff was legally admitted into the United States as a seaman for a temporary period of shore leave not to exceed 29 days, but he overstayed his leave. In 1951 a warrant for his deportation was issued after the conclusion of deportation proceedings that have not been challenged. But in 1955 he married a native citizen of the United States, and his wife filed a petition on his behalf for a nonquota immigrant visa under § 205 (b) of the Immigration and Nationality Act, 1952, 8 U.S.C. § 1155(b), 8 U.S.C.A. § 1155(b), which was approved. Subsequently, the Board of Immigration Appeals withdrew the outstanding order of deportation and granted plaintiff's motion to reopen the proceedings to enable him to apply for the discretionary relief of voluntary departure, in lieu of deportation, and preexamination.

Within a year of the marriage, marital difficulties ensued and plaintiff and his wife ceased living together. In 1956, after receiving a communication including a statement by plaintiff's wife that she desired to withdraw the visa petition she had submitted on behalf of her husband, the Special Inquiry Officer entered an order withdrawing the previously granted relief of voluntary departure and preexamination, and reopening the proceedings for the purpose of receiving additional evidence bearing upon plaintiff's eligibility for the relief he sought. In his decision after the reopened hearing, the Special Inquiry Officer determined that the written withdrawal by the wife of her petition for a visa on behalf of the plaintiff served automatically to revoke the approval of that petition; he granted voluntary departure but denied the application for preexamination on the ground that plaintiff would not be entitled to nonquota status because of the unavailability of the visa. An appeal from this decision was dismissed by the Board of Immigration Appeals. On a motion for the reconsideration of its decision, the Board concluded that the Special Inquiry Officer had erred in holding that there had been an automatic revocation of the approval of the visa petition. Nevertheless, assuming that the plaintiff enjoyed a nonquota status, the Board denied the motion to reconsider on the ground that circumstances did not warrant the relief of preexamination. Finally, on a motion of the Acting Regional Commissioner, the Board again declined to reconsider and reopen the record for the receipt of new evidence, on the basis that no circumstances had been cited to alter the earlier conclusion that preexamination was unwarranted.

After the Board's denial of plaintiff's motion to reconsider but before its denial of the Acting Regional Commissioner's motion, the District Director entered an order revoking the prior approval of the petition for a nonquota immigrant visa, the approval of which the Board had declared not to have been automatically revoked. The validity of the administrative hearing is attacked by plaintiff solely on the ground that such a revocation was contrary to law and invalid. But even if plaintiff should succeed in establishing his right to the visa, he would not thereby establish his right to preexamination. "It should be noted that no deportable alien can claim voluntary departure or preexamination as of right. Even if the alien satisfies all the conditions of the regulations * * * he thereby accomplishes no more than establish his eligibility to discretionary relief." Unit-

ed States ex rel. Von Kleczkowski v. Watkins, D.C., 71 F.Supp. 429, 435. The Board of Immigration Appeals considered his case on the assumption that he was eligible for discretionary relief, and in its discretion, denied it. It is not contended that this exercise of discretion was arbitrary or capricious, nor does it appear to have been. The obvious purpose of preexamination in this case was to enable the citizen wife to maintain in this country a domestic relationship with her alien husband. With facts appearing to indicate a disruption of that relationship, a denial of preexamination was properly within the administrative discretion.

Accordingly, the defendant's motion for summary judgment will be granted and the plaintiff's motion denied. The motion for a preliminary injunction has been mooted.